# In the United States Court of Federal Claims

No. 03-200T
(Filed: February 15, 2012)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IRA H. BARRY, ET AL., | |
|               *Plaintiffs*, | Tax Equity and Fiscal Responsibility Act (TEFRA); AMCOR; refund suit; *Prati*; I.R.C. § 6229; I.R.C. § 6621; Motion for Reconsideration |
| v. | |
| THE UNITED STATES, | |
|               *Defendant*, | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Thomas E. Redding*, Houston, TX, for plaintiffs.

*Paul G. Galindo*, United States Department of Justice, Tax Division, Court of Federal Claims section, Washington, D.C., with whom were *John A. DiCicco*, Principal Deputy Assistant Attorney General, and *Mary M. Abate*, Acting Chief, Court of Federal Claims section for defendant.

_____

OPINION AND ORDER
_____

BRUGGINK, *Judge*.

    This action is one of a number of related proceedings brought pursuant to the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. §§ 6221–6234 (2006) ("TEFRA"), by investors in a series of limited partnerships organized by American Agri-Corp., Inc. ("AMCOR"). These actions are brought by individual investing partners who are challenging assessments by the IRS flowing from an adjustment at the partnership level. The AMCOR partners assert three common claims for refund: (1) that the tax assessments were untimely due to the passage of the limitations period, (2) that tax-motivated interest penalties were improper, (3) and that interest should have been abated. These common claims were decided by representative cases,

which were eventually dismissed for lack of jurisdiction. A dismissal order was entered in this case, but plaintiffs later asserted that they alleged facts different from the common claims, and thus complete dismissal was inappropriate. Accordingly, this court vacated the dismissal in this case in part, allowing plaintiffs to pursue unique claims not addressed by the AMCOR representative cases.

Before the court is plaintiffs' motion for reconsideration of two interim orders entered in this docket. The first order, dated April 18, 2008, dismissed the common AMCOR claims. The second order, dated March 29, 2011, confirmed the dismissal of the common AMCOR claims, but vacated the first order in part to allow plaintiffs to pursue only their unique individual claims. The case thus remains pending, and the motion is therefore brought under Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"), which deals with reconsideration of interim orders.

Plaintiffs contend that the orders, insofar as they call for dismissal of the common claims, are incorrect and can and should be reconsidered on the merits. Defendant contends that the first order, which was appealed to the Federal Circuit and affirmed, was not vacated with respect to dismissing the common claims. The rulings on the common claims, it contends, are therefore not open to review. Defendant further argues that plaintiffs have not met their burden to demonstrate that reconsideration is warranted. The matter is fully briefed and oral argument is deemed unnecessary. For the reasons explained below, we deny plaintiffs' motion for reconsideration.

BACKGROUND[1]

In the 1980s, AMCOR, acting as general partner, organized a series of limited partnerships to serve as investment vehicles marketed to high-income professionals. The announced goal of these partnerships was to buy farmland and grow crops. AMCOR raised $206 million dollars from 3,000 investors. Due to the structure of the partnerships, the front-loading of expenses, and corresponding deductions, investors were saving as much in taxes as they were investing, and sometimes even more. By the late 1980s, however, the

---

[1] The following facts are derived from *Prati v. United States*, 81 Fed. Cl. 422 (2008), and *Prati v. United States*, 603 F.3d 1301 (Fed. Cir. 2010), and are common to all AMCOR partners unless otherwise noted.

AMCOR partnerships were the target of an IRS audit and investigation. The IRS believed that the AMCOR partnerships were illegal tax shelters.

The IRS examined the AMCOR partnerships and issued a final partnership administrative adjustment ("FPAA") to the tax matters partner of the AMCOR partnerships, adjusting the partnerships' deductions. Representatives of the AMCOR partnerships challenged the FPAAs in partnership-level proceedings before the United States Tax Court. One of the issues in that partnership-level proceeding was whether the adjustments were untimely based on the statute of limitations created by I.R.C. § 6229.[2] The AMCOR tax matters partner in the Tax Court proceeding executed a "Stipulation to be Bound," in which the AMCOR partnerships agreed to be bound consistent with the Tax Court's findings of fact and law relating to the statute of limitations issue in an AMCOR test case. In that test case, *Agri-Cal Venture Associates v. Commissioner*, 80 T.C.M. (CCH) 295 (2000), the Tax Court rejected the statute of limitations defense.

While the partnership-level proceedings were pending at the Tax Court, some AMCOR partners, including plaintiffs in this case, chose to settle their partnership items with the IRS. The settlement was effectuated in 1999 by execution of Form 870-P(AD). The partners who settled at this stage in the AMCOR litigation were known as "settled partners." Other AMCOR partners did not settle with the IRS and were referred to as "non-settling partners."

In 2001, the IRS moved under Tax Court Rule 248(b)[3] for entry of decision in the non-settled partnership cases. The IRS represented that it and the tax matters partner for the AMCOR partnerships had reached a contingent agreement with respect to the disputed partnership items. Accordingly, the Tax Court entered stipulated decisions on July 19, 2001.

The IRS subsequently assessed additional interest against settling and non-settling partners under I.R.C. § 6621(c), which, at that time, provided for a special interest penalty for substantial underpayments of income tax

---

[2] All I.R.C. references are to the Internal Revenue Code of 1986, as amended, contained within Title 26 of the United States Code, unless otherwise noted.

[3] Tax Court Rule 248(b) allows the IRS to move for judgment based on a settlement or consistent agreement entered into with the tax matters partner.

attributable to tax motivated transactions. AMCOR partners then filed administrative refund claims with the IRS, which were denied. Thereafter, many individual AMCOR partners filed tax refund suits in this court. In total, 129 AMCOR-partnership refund suits were filed here; 77 of those cases, including the instant case, were deemed by the parties to be legally and factually similar.

On March 28, 2003, the parties filed a joint motion to stay the instant case. The joint motion noted that, because the instant case "presents the same issues of fact and law as the [other AMCOR cases], the parties request that proceedings be suspended pending a final decision in the representative cases." Joint Mot. to Stay 3-4. Judge Yock, to whom the case was then assigned, granted the motion to stay and observed that, "The parties have selected three representative cases in which proceedings will go forward: [*Isler v. United States*, No. 01-344]; [*Scuteri v. United States*, No. 01-358]; and [*Prati v. United States*, No. 02-60]." *Barry v. United States*, No. 03-200 (Fed. Cl. Apr. 2, 2003) (order granting stay). The parties later added additional representative cases: *Hinck v. United States*, No. 03-865, *Keener v. United States*, No. 03-2028, and *Smith v. United States*, No. 04-907.

In February 2005, Judge Allegra, to whom AMCOR cases had also been assigned, decided *Hinck v. United States*, 64 Fed. Cl. 71 (2005). In *Hinck*, Judge Allegra held that we lack jurisdiction to consider plaintiffs' interest abatement claims under I.R.C. § 6404 because such authority rests within the discretion of the Secretary and is not subject to judicial review in this court. *Id.* at 84. The AMCOR plaintiffs appealed to the Federal Circuit, which affirmed, holding that the Tax Court is the exclusive forum for interest abatement claims under I.R.C. § 6404. 446 F.3d 1370 (Fed. Cir. 2006). The Supreme Court granted *certiorari*, 549 U.S. 1162, and affirmed the Federal Circuit. 550 U.S. 501 (2007). Thus, after *Hinck*, the remaining common AMCOR claims related to untimely assessment under I.R.C. § 6229(a) and tax-motivated interest under I.R.C. § 6621(c).

On April 20, 2006, the instant case was reassigned to Judge Block, and it remained stayed pending the outcome in the remaining representative cases. Meanwhile, Judge Allegra decided *Keener v. United States*, 76 Fed. Cl. 455 (2007). In *Keener*, Judge Allegra held that we lack tax refund jurisdiction over AMCOR plaintiffs' statute of limitations and tax-motivated interest claims because such claims were partnership-level items and, as such, needed to be addressed in the partnership-level proceeding. *See id.* at 470.

On April 16, 2008, Judge Block decided *Prati v. United States* (*Prati I*), 81 Fed. Cl. 422 (2008).  He held that this courts lacks jurisdiction to hear AMCOR plaintiffs' I.R.C. § 6229(a) limitations claims and I.R.C. § 6621(c) tax-motivated interest claims because both were partnership-level items that, under TEFRA, needed to be challenged at the partnership-level proceeding, which, in this case, was at the Tax Court.  *See id.* at 436.  Additionally, relying on *Hinck*, Judge Block also dismissed plaintiffs' interest abatement claims under I.R.C. § 6404.  *Id.* at 440.  Thus, *Prati I* foreclosed the I.R.C. §§ 6229(a) and 6621(c) claims, which were the only common AMCOR claims remaining.  The net effect, therefore, of *Hinck* and *Prati I* was to dismiss the common AMCOR claims in their entirety.  On April 18, 2008, Judge Block entered judgment under RCFC 58 dismissing all remaining claims for lack of jurisdiction,  including those of the plaintiffs here.

On May 2, 2008, plaintiffs here filed a motion for reconsideration and to alter or amend the judgment dismissing their case.  Plaintiffs argued that, although *Prati I* dismissed the I.R.C. §§ 6229 and 6621 claims, complete dismissal was not appropriate because some of the AMCOR plaintiffs, including certain plaintiffs in this case, asserted a cause of action not covered by the *Prati I* opinion.  Pls.' Mot. Vacate 1, ECF No. 24.  For example, the Boggs, plaintiffs in the instant case, asserted that the one-year limitations period of I.R.C. § 6226(f) barred the assessment.  Plaintiffs' counsel requested that the judgment be vacated and either stayed pending the *Prati* appeal, or that plaintiffs be allowed to pursue their action not subject to the holding of *Prati*.  Plaintiffs' counsel requested, and Judge Block granted, that the motion be deemed filed in all of Judge Block's AMCOR cases.

On July 1, 2008, Judge Block vacated the April 18, 2008 order in *Prati I*.  *Prati v. United States* (*Prati II*), 82 Fed. Cl. 373 (2008).  In *Prati II*, Judge Block held that "The Motion for Reconsideration is DENIED in each of the 77 cases covered by the [*Prati I*] opinion[,]" i.e., relating to the I.R.C. §§ 6229 and 6621 claims.  *Id.* at 379.  Judge Block did vacate judgment, however, "for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding" in fifteen of the cases, including the present one.  *Id.* at 379.  On November 21, 2008, upon a joint request by plaintiffs' counsel and defendant, Judge Block issued an order in *Isler* staying the instant case pending appeals in *Keener v. United States*, 76 Fed. Cl. 455 (2009), and *Prati*.  *Isler v. United States*, No. 01-344 (Fed. Cl. Nov. 21, 2008) (order granting stay).

5

On January 8, 2009, the Federal Circuit issued its decision in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009), and affirmed this court's holding that it lacked jurisdiction over AMCOR plaintiffs' I.R.C. §§ 6229(a) and 6621(c) claims. Rehearing en banc was denied on March 18, 2009. The Supreme Court denied *certiorari* in *Keener* on October 5, 2009. 130 S. Ct. 153 (2009). On May 5, 2010, the Federal Circuit issued its opinion in *Prati*, affirming Judge Block's dismissal of the I.R.C. §§ 6229(a) and 6621(c) claims. *Prati v. United States* (*Prati III*), 603 F.3d 1301 (Fed. Cir. 2010). Rehearing en banc was denied on August 3, 2010. The Supreme court denied *certiorari* in *Prati III* on January 10, 2011. 131 S. Ct. 940 (2011).

On January 31, 2011, the parties in *Isler* filed a status report proposing how the remaining AMCOR cases, including this one, should proceed. Plaintiffs' counsel requested that the instant case and other AMCOR cases be transferred to Judge Lettow for consolidation with *Epps v. United States*, No. 06-615. Alternatively, plaintiffs' counsel requested that the cases be consolidated with *Isler*. Defendant requested that the cases proceed independently of each other for the sole purpose of resolving the case-specific claims.

On March 29, 2011, Judge Block denied all of the motions to transfer. He noted that fourteen cases, including the instant one, were originally dismissed for lack of jurisdiction by *Prati I*. *Isler*, No. 01-344 (Fed. Cl. Mar. 29, 2011) (order denying transfer). Moreover, *Prati II* vacated judgment in certain cases covered by *Prati I*, but only to the extent of permitting plaintiffs to "pursue unresolved, case-specific claims that may still be outstanding." *Id.* at 2. The order plainly did not resurrect the common refund claims that were dismissed by *Prati I*: "In further proceedings before this court . . . plaintiffs may not relitigate claims that were fully adjudicated more than three years ago and were dismissed by the court for lack of jurisdiction." *Id.* Because the common claims had already been adjudicated and only taxpayer-specific claims remained, Judge Block denied the request for consolidation and transfer. He therefore lifted the stay of litigation in the individual cases and ordered the parties to file separate joint status reports in each case setting forth proposed procedural courses to resolve any outstanding taxpayer-specific claims. *Id.* at 3-4.

On March 31, 2011, this case was transferred to the undersigned. The parties filed a joint status report on May 24, 2011, stating that "the only claim remaining unresolved is the backdated assessment claim pleaded in paragraph

6

24.a of plaintiffs' complaint." Joint Status Report 2, ECF No. 35. The claim in paragraph 24.a relates to the one-year statute of limitations claim made by the Boggs. Plaintiffs' counsel further stated, however, "the Boggs no longer wish to pursue and intend to dismiss this claim. Once that is done, there will be no unresolved claims in this case." *Id.* The joint status report also indicated that plaintiffs' counsel intended to move yet again for reconsideration of the April 18, 2008 Order and Opinion (*Prati I*) and would move for reconsideration of Judge Block's March 29, 2011 order. That motion is before the court now and the matter is ready for disposition.

DISCUSSION[4]

Because a final judgment has not been entered against all plaintiffs with respect to all issues, this motion is interlocutory in nature and thus governed by RCFC 54(b). We possess the inherent power to modify our interlocutory orders, and, under common law principles, we may reconsider a prior decision, subject to the law of the case doctrine. *See Wolfchild v. United States*, 68 Fed. Cl. 779, 784-85 (2005). We may depart from the law of the case, however, upon, *inter alia*, the discovery of new evidence, intervening changes of legal authority, or to prevent manifest injustice. *See id.* Interlocutory reconsideration is thus warranted "as justice requires." *See L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011). Although the contours of interim reconsideration are imprecise, there remains a "a good deal of space for the court's discretion." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).

Plaintiffs' motion for reconsideration asserts three broad points of error: (1) vacating the April 18, 2008 judgment reinstated plaintiffs' limitations and penalty interest claims (the I.R.C. §§ 6229(a) and 6621(c) claims); (2) even if those claims have been dismissed, *Prati I* is not the law of the case here; and (3) even if the common claims have been dismissed and *Prati I* remains the law of the case, *Prati I* was wrongly decided. We hold that plaintiffs' untimely

---

[4] Plaintiffs' counsel has filed similar motions for reconsideration in other AMCOR cases: *Corkill v. United States*, No. 07-147; *Fournier v. United States*, No. 06-933; *Northcutt v. United States*, No. 06-860; *Boland v. United States*, No. 06-859; *Donaldson v. United States*, No. 03-2875; *Martin v. United States*, No. 03-2272. All the motions for reconsideration have been denied. *See infra* note 5.

assessment and tax-motivated interest claims were clearly dismissed and not reinstated, the *Prati* decisions control, and reconsideration of *Prati I* is not appropriate.

I. Plaintiffs' untimely assessment and tax-motivated interest claims were not reinstated, and are otherwise controlled by *Prati I*, *II*, and *III*

Plaintiffs ask this court to decide whether the common AMCOR claims were reinstated when Judge Block vacated his April 18, 2008 dismissal order in part. The April 18, 2008 order stemmed from his April 16, 2008 opinion in *Prati I*. Plaintiffs contended that the instant case was never formally consolidated with the other AMCOR cases, including *Prati*. We disagree. The instant case was conspicuously listed in footnote two of *Prati I*, and Judge Block, based on the representations made by plaintiffs' counsel there, who is also instant plaintiffs' counsel, clearly included the cases listed there within the ambit of his opinion. Moreover, the Federal Circuit affirmed Judge Block's opinion, holding that we lack jurisdiction over the timeliness and tax-motivated interest claims. *See Prati III*, 603 F.3d at 1308-09.

While *Prati I* was pending at the Federal Circuit, several AMCOR partners, including plaintiffs here, asserted in a motion for reconsideration facts different from those common with *Prati* and moved to alter or amend the judgment. Judge Block denied the motion with respect to the underlying common AMCOR claims (including the untimely assessment and tax-motivated interest claims), but expressly vacated *Prati I* only "for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding." *Prati II*, 82 Fed. Cl. at 379. In other words, *Prati II* vacated plaintiffs' judgments for the limited purpose of allowing only case-specific claims to proceed, because "the parties requested that the Court first resolve the jurisdictional issues arising in the AMCOR tax partnership cases and that for such a purpose [*Prati I*] should serve as a representative case." *Id.* at 374. Judge Block reiterated this in his March 29, 2011 order denying transfer: "The court's [April 18, 2008] order to vacate judgment in [*Barry* and other cases] did not, as plaintiffs seem to assume, vacate the dismissal of these common claims." *Isler*, No. 01-344, 3 (Fed. Cl. Mar. 29, 2011). Judge Block could not have been more clear. It is plain, therefore, that he did not reinstate plaintiffs' timeliness and tax-motivated interest claims under I.R.C. §§ 6229(a) and 6621(c). Accordingly, the common AMCOR claims relating to I.R.C. §§ 6229(a) and 6621(c) have been resolved.

II.    Reconsideration of *Prati I* is not warranted

Plaintiffs argue that even if *Prati I*, *II*, and *III* apply, reconsideration is warranted because of factual differences relating to the distinction between settled and non-settled partners and subsequent changes in the law. They offer the affidavit of their tax matters partner ("TMP"), Frederick H. Behrens. Mr. Behrens provides information concerning the negotiations leading to the entry of the stipulated decisions in the Tax Court. Mr. Behrens asserts that his understanding and intent were that: (1) in his capacity as an individual partner, he could settle only those partnership, non-partnership, and affected items regarding himself; (2) in his capacity as TMP, he could bind other partners only to partnership items; and (3) that neither he nor the Tax Court had authority to bind other partners to any non-partnership item under his contingent agreement with the IRS. Pls.' Mot. Recon. App. 4. Plaintiffs argue that these new allegations prompt reconsideration.

The arguments made by plaintiffs are not novel to this motion for reconsideration. Plaintiffs' counsel has advanced similar arguments in support of motions for reconsideration in the other AMCOR cases. The judges of this court uniformly have denied those motions,[5] and we find their reasoning persuasive. We adopt in full Judge Wheeler's rationale set out in *Fournier v. United States*, 2011 WL 6187094 (Fed. Cl. Dec. 13, 2011), and for the reasons expressed there, we deny plaintiffs' motion for reconsideration of the decision in *Prati I*.

CONCLUSION

For the reasons stated above, we deny plaintiffs' motion for reconsideration. Because plaintiffs' counsel represented to the court in the May 24, 2011 status report that plaintiffs did not desire to pursue any case-specific claims, we dismiss the claim in its entirety. The clerk is directed to enter final judgment for defendant and dismiss the case accordingly. No costs.

---

[5] *See Northcutt v. United States*, 2012 WL 300410 (Fed. Cl. Jan. 31, 2012); *Donaldson v. United States*, No. 03-2875 (Fed. Cl. Jan. 6, 2012) (unpublished); *Corkill v. United States*, 2012 WL 251987 (Fed. Cl. Jan. 6, 2012); *Fournier v. United States*, 2011 WL 6187094 (Fed. Cl. Dec. 13, 2011); *Martin v. United States*, 2011 WL 6035557 (Fed. Cl. Dec. 5, 2011); *Boland v. United States*, No. 06-859 (Fed. Cl. Nov. 17, 2011) (unpublished).

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge
